UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY AND ANN JONES,          :
                                :CIVIL ACTION NO. 3:08-CV-2202
        Plaintiffs,             :
                                :(JUDGE CONABOY)
        v.                      :
                                :
NATIONWIDE MUTUAL FIRE          :
INSURANCE COMPANY,              :
                                :
        Defendant.              :
_____

**MEMORANDUM**

By Memorandum and Order of December 2, 2009, the Court directed Defendant to submit certain documents for *in camera* review. (Doc. 33 at 17, 19.) On December 22, 2009, Defendant submitted the documents and accompanying correspondence (Doc. 35). For the reasons discussed below, we conclude that certain documents submitted are entitled to protection of the work-product doctrine because they were prepared in anticipation of litigation and other documents are not entitled to protection for the reasons noted.

## A.   *Legal Standard*

Our review of the documents submitted is limited to consideration of whether the work-product doctrine protects the documents from discovery. (*See* Doc. 33 at 8.) The work-product doctrine, as it applies to discovery matters, is governed by Rule 26(b)(3).

> (A)  *Documents and Tangible Things*.
> Ordinarily, a party may not discover
> documents and tangible things that are
> prepared in anticipation of litigation
> or for trial by or for another party or

>                    its representative (including the other
>                    party's attorney, consultant, surety,
>                    indemnitor, insurer, or agent). But
>                    subject to Rule 26(b)(4), those
>                    materials may be discovered if:
>
>                    (i)  they are otherwise discoverable
>                         under Rule 26(b)(1); and
>
>                    (ii) the party shows that it has
>                         substantial need for the materials
>                         to prepare its case and cannot,
>                         without undue hardship, obtain
>                         their substantial equivalent by
>                         other means.
>
>           (B)  *Protection Against Disclosure*. If the
>                court orders disclosure of those
>                materials, it must protect against
>                disclosure of the mental impressions,
>                conclusions, opinions, or legal theories
>                of a party's attorney or other
>                representative concerning the
>                litigation.

Fed. R. Civ. P. 26(b)(3).

Pursuant to Rule 26(b)(5), the party claiming privilege or seeking to protect trial-preparation materials must "expressly make the claim." Fed. R. Civ. P. 26(b)(5)(A)(i). The party must also "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). The party claiming work product protection has the burden of proving that the material was in fact prepared in anticipation of litigation. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2001). Like the attorney-

2

client privilege, the work-product privilege is to be strictly construed. *See*, *e.g.*, *Cooper Hospital/University Medical Center v. Sullivan*, 183 F.R.D. 119, 128 (D.N.J. 1998) (*citing Westinghouse Electric Group v. Republic of the Philippines*, 951 F.2d 1414, 1429 (3d Cir. 1991)).

Work product prepared in the ordinary course of business is not protected from discovery. *Id.* "Even after litigation is justifiably anticipated, routine or ordinary investigations or reports are not work-product and may be obtained as normal discovery without a special showing of need." *Harper v. Auto-Owners, Inc. Co.*, 138 F.R.D. 655, 661 (S.D. Ind. 1991); *see also American Home Assurance Co. v. United States*, Civ. A. No. 09-CV-258 (DMC), 2009 WL 3245445, at *2 (D.N.J. Oct. 7, 2009) (*quoting Harper*, 138 F.R.D. at 661)).

> An insured seeking documents and reports in his insurer's claims file presents a special problem for application of the work product rule because it is the very nature of an insurer's business to investigate and evaluate the merits of claims. Reports and documents produced for this purpose will likely be relevant to later litigation over a claim as well. . . . Most courts have held that documents constituting any part of a factual inquiry into or evaluation of a claim, undertaken in order to arrive at a claim decision, are produced in the ordinary course of an insurer's business and not work product.

*Harper*, 138 F.R.D. at 662 (*citing Schmidt v. California State Auto Ass'n*, 127 F.R.D. 182, 184 (D. Nev. 1989)).

3

Protection of the work-product doctrine may be waived if the document is disclosed to an adversary. *Westinghouse*, 951 F.2d at 1429. "[A] party who discloses documents protected by the work-product doctrine may continue to assert the doctrine's protection only when the disclosure furthers the doctrine's underlying goal."[1] *Id.* The goal of the work-product doctrine is to "promote[] the adversary system directly by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation. Protecting attorneys' work product promotes the

---

[1] The Third Circuit fashioned this rule after consideration of a similar exception to the waiver of the attorney-client privilege. *Westinghouse*. 951 F.2d at 1424. Regarding the exceptions to waiver of the attorney-client privilege, the Third Circuit Court explained that

> [w]hen disclosure to a third party is necessary for the client to obtain informed legal advice, courts have recognized exceptions to the rule that disclosure waives the attorney-client privilege. For example, courts have held that the client may allow disclosure to an "agent" assisting the attorney in giving legal advice to the client without waiving the privilege. 8 Wigmore, *Evidence* § 2301 at 583 (McNaughton rev. 1961); McCormick, *Evidence* § 92 at 188. Courts have also held that the client may disclose communications to co-defendants or co-litigants without waiving the privilege. See, for example, *Hunydee v. United States*, 355 F.2d 183, 184-85 (9th Cir. 1965). These exceptions are consistent with the goal underlying the privilege because each type of disclosure is sometimes necessary for the client to obtain informed legal advice.

*Id.*

4

adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients."[2] *Westinghouse*, 951 F.2d at 1428 (*citing Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947); *United States v. AT&T*, 642 F.2d 1285, 1299 (D.C. Cir. 1980)).

### *B. General Considerations*

Given the legal framework set out above, we turn to whether the documents at issue are protected by the work-product doctrine. For purposes of this *in camera* review, we assume correspondence has been sent to the addressee. In the case of any undated correspondence or document, if the content allows us to determine an approximate date or conclude that the document was prepared in anticipation of litigation, we will do so. If we cannot determine the approximate date, based on our obligation to strictly construe the work product doctrine, we will not make the assumption that the document was prepared in anticipation of litigation.

Because whether the document at issue was prepared in anticipation of litigation is the starting point for determining whether work-product protection applies, we will briefly set out dates relevant to this inquiry. In Defendant's Brief in Opposition to Plaintiffs' Brief in Support of Motion to Compel Disclosure (Doc. 23), Defendant states that "by November 12, 2007, litigation

---

[2] Federal Rule of Civil Procedure 26 expands the doctrine by including the work product of a party or his agents or representatives. Fed. R. Civ. P. 26(b)(3)(A).

was definitely anticipated as Plaintiff's [sic] counsel sent correspondence requesting information so that his clients could 'determine whether you acted in good faith in investigating their claim and whether you have a reasonable basis for your valuations.'" (Doc. 23 at 9 (*citing* Bates #330 attached as Ex. 4).) On May 30, 2008, Plaintiffs filed a Praecipe for Writ of Summons in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 5 at 1.) Plaintiffs filed a Complaint in the Luzerne County Court of Common Pleas on November 19, 2008, which was then removed to this Court by Defendants on December 10, 2008. (*Id.*) Documents at issue in the "post-litigation file" of Nationwide Litigation Manager Susan Luquis are dated from July 2, 2008, to October 3, 2008. (Documents Bates stamped 177-242.[3]) As of July 22, 2008, Ms. Luquis indicated that Plaintiffs' counsel informed her he did not want to file a complaint and that she would not send the case to counsel pending receipt and review of Plaintiffs' independent appraisal. (Document Bates stamped 223.)

*C. Documents Reviewed*

Bates #4 — PROTECTED . The September 8, 2008, claims notes of Nationwide Adjuster Scott Davies contain mental impressions concerning the value or merit of the claim and we conclude they are prepared in anticipation of litigation.

Bates #13 — PROTECTED . The April 18, 2008, claims

---

[3] Documents Bates stamped 175, 176 and 225 are also in the "post-litigation file" but are undated.

6

|              | notes of Nationwide Adjuster Scott Davies contain mental impressions concerning the value or merit of the claim and we conclude they are prepared in anticipation of litigation. |
|---|---|
| Bates #18    — | NOT PROTECTED. The March 20, 2008, and March 24, 2008, claims notes of Claim Manager Scot Long are documents generated in the ordinary course of business in that they concern an evaluation of damages and Defendant's position on pre-litigation settlement based on interpretation of policy provisions regarding the valuation of the claim. (The disclosure of reserve-related entries contained in Bates #18 was previously ordered (Doc. 38 at 11).) |
| Bates #24    — | NOT PROTECTED. The January 14, 2008, log entries regarding pre-settlement authorization for expenses were generated in ordinary course of business. (The disclosure of reserve-related entries contained in Bates #18 was previously ordered (Doc. 38 at 4).) |
| Bates #175   — | NOT PROTECTED. Protection of the work-product doctrine was waived as this document is correspondence to Plaintiffs' attorney. |
| Bates #176   — | NOT PROTECTED. This undated correspondence to an attorney (who is not identified as a Nationwide attorney) is presumed to be to an adversary, and the work-product doctrine was therefore waived. |
| Bates #177   — | NOT PROTECTED. Protection of the work-product doctrine was waived as this document dated October 3, 2008, is correspondence to Plaintiffs' attorney. |
| Bates #178-189 — | NOT PROTECTED. Protection of the work-product doctrine was waived as these documents (Defendant's expert report) were enclosed with correspondence to |

Plaintiffs' attorney (Bates #177).

Bates #190 - PROTECTED. September 22, 2008, internal communication seeking review of expert document sent to Nationwide's Alan Zeigler and copied to several individuals (including Nationwide Attorney Hilary Dean) with handwritten notes on document was prepared in anticipation of litigation.

Bates #191 - NOT PROTECTED. Communication dated September 19, 2008, from Susan Luqis informing Defendant's expert David Long that Adjuster Scott Davies had been called to emergency duty so Long would be working with Luquis directly was generated in the ordinary course of business.

Bates #192 - NOT PROTECTED. Protection of the work-product doctrine was waived as this document dated September 19, 2008, is correspondence to Plaintiffs' attorney.

Bates #193-199 - PROTECTED. September 15, 2008, to September 19, 2008, internal communications and calendar notation with handwritten notes regarding responding to Plaintiffs' demand and setting up a meeting to discuss case with some entries including mental impressions concerning the value of claim are protected as documents prepared in anticipation of litigation.

Bates #200-201 - NOT PROTECTED. The work-product doctrine does not apply to this September 4, 2008, correspondence from Plaintiffs' attorney to Ms. Luquis. The handwritten notation on the letter appears to be generated in the ordinary course of business.

Bates #202-203 - NOT PROTECTED. The work-product doctrine was waived as these documents are correspondence to Plaintiffs' attorney and same attached to an internal e-mail.

Bates #204 - PROTECTED. Calendar entry regarding

scheduled meeting for August 29, 2008, with handwritten notes regarding the merit or value of the claim and strategy was prepared in anticipation of litigation.

Bates #205-209 - NOT PROTECTED. Appraisal of March 24, 2008, and internal communication that same had been imaged to file as well as handwritten notes were generated in the ordinary course of business.

Bates #210-222 NOT PROTECTED. The work-product doctrine does not apply to a letter from Plaintiffs' attorney to Nationwide with Plaintiffs' appraisal of the loss attached.

Bates #223 - NOT PROTECTED. The July 22, 2008, communication from Susan Luquis to Scot Long informing Long that Plaintiffs do not want to file a complaint and Plaintiffs will get an independent appraisal was generated in the ordinary course of business.

Bates #224 - PROTECTED. The July 2, 2008, internal communication from Susan Luquis to Scot Long regarding Plaintiffs filing a Writ of Summons contains handwritten notes regarding the valuation of the case and strategy and is protected as a document prepared in anticipation of litigation.

Bates #225 - NOT PROTECTED. There is no basis upon which to conclude the work-product doctrine applies to an undated computer screen printout.

Bates #338 - NOT PROTECTED. There is no basis upon which to conclude the work-product doctrine applies to an undated correspondence from adjuster Scott Davies to "Dave."

### III. Conclusion

Based on the review set out above, the Court has determined

the following documents are protected by the work-product doctrine: Bates Numbers 4, 13, 190, 193-199, 204, 224.  Defendant is directed to produce the following documents: Bates Numbers 18, 24, 175-189, 191, 192, 200-203, 205-223, 225, 338.  An appropriate Order follows.

                                          <u>S/Richard P. Conaboy</u>
                                          RICHARD P. CONABOY
                                          United States District Judge

DATED: January 12, 2010

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY AND ANN JONES, :
: CIVIL ACTION NO. 3:08-CV-2202
    Plaintiffs, :
: (JUDGE CONABOY)
    v. :
:
NATIONWIDE MUTUAL FIRE :
INSURANCE COMPANY, :
:
    Defendant. :

_____

**ORDER**

AND NOW, THIS 12th DAY OF JANUARY 2010, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. Bates Numbers 4, 13, 190, 193-199, 204, 224 are protected by the work-product doctrine;

2. Defendant is directed to produce Bates Numbers 18, 24, 175-189, 191, 192, 200-203, 205-223, 225, 338.

                                   <u>S/Richard P. Conaboy</u>
                                   RICHARD P. CONABOY
                                   United States District Judge